UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

|  |  |  |
|---|---|---|
| JUKA INNOVATIONS CORPORATION, | : | Civil Action No.: 2:17-cv-06134 |
|  | : |  |
| Plaintiff, | : |  |
|  | : | COMPLAINT |
| v. | : |  |
|  | : |  |
| JOBAR INTERNATIONAL, INC.; | : |  |
| DREAM PRODUCTS INC.; SUPPORT PLUS | : | October 20, 2017 |
| HOLDINGS, INC.; NEXTERA MEDIA LLC | : |  |
| (aka PENN LLC); and PULSE DIRECT, INC. | : |  |
|  | : | Jury Trial Demanded |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

----------------------------------------------------------X

## COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

Plaintiff Juka Innovations Corporation (hereinafter "JUKA"), for its Complaint against: (i)

Defendant Jobar International, Inc. ("JOBAR"); and (ii) Defendants Dream Products Inc., Support

Plus Holdings, Inc., Nextera Media LLC (aka Penn LLC) DBA "PulseTV," and Pulse Direct, Inc.

(on information and belief acting as the manager of Nextera Media LLC (aka Penn LLC) DBA

"PulseTV") (collectively, "RETAILERS"); alleges as follows:

### INTRODUCTION

1.      This is an action for:

(i)      patent infringement arising under the Patent Laws of the United States, 35

U.S.C. § 101 et seq.;

(ii)      copyright infringement arising under the Copyright Laws of the United States,

17 U.S.C. § 101 et seq.;

(iii)      trademark infringement arising under the Trademark Laws of the United States,

15 U.S.C. § 1051 et seq.;

(iv) unfair competition arising under the Trademark Laws of the United States, 15 U.S.C. § 1125(a);

(v) common law trademark infringement under the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law § 360 et seq.; and

(vi) common law unfair competition under the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

2.      JUKA owns exclusive rights in the ornamental design (the "Design") claimed in United States Design Patent No. D785,767 entitled "Tub Drain Hair Collector" (hereinafter the "JUKA Patent"). A copy of U.S. Pat. No. D785,767 is attached hereto as Exhibit A.

3.      JUKA owns exclusive rights in the visual material (collectively the "Visual Material) claimed in the following United States Copyright Registrations: Reg. No. VAu001283876 entitled "TubShroom Collateral 2016;" Reg. No. VAu001263568 entitled "TubShroom;" and Reg. No. VAu001283873 entitled "SinkShroom Collateral 2016" (collectively, the "JUKA Copyrights"). Copies of these three (3) U.S. Copyright Registrations are attached hereto as Exhibit B.

4.      JUKA owns the exclusive rights embodied in the following United States Trademark Registrations: Reg. No. 4972762 for "TUBSHROOM" in Class 11 covering "Strainers for plumbing drains;" Reg. No. 5179859 for "SINKSHROOM" in Class 11 covering "Strainers for plumbing drains; Plumbing fittings, namely, sink strainers; Plumbing supplies, namely, sink strainers;" and Reg. No. 5179860 for "SHOWERSHROOM" in Class 11 covering "Strainers for plumbing drains; Plumbing fittings, namely, sink strainers; Plumbing supplies, namely, sink

strainers"[1] (collectively, the "Federal Trademarks"). Copies of these (3) U.S. Trademark Registrations are attached hereto as Exhibit C.

5.      JUKA has also developed extensive common law trademark rights in the distinctive "MUSHROOM" shape and branding of its products through, inter alia, the use of the following logos:



(collectively, the "Common Law Trademarks") (collectively, JUKA's Federal Trademarks and Common Law Trademarks are referred to herein as the "JUKA Trademarks.")

6.      JOBAR has used and continues to use the Design without JUKA's permission, in violation of 35 U.S.C. § 101 et seq., on sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or imports into the United States.

7.      JOBAR has used and continues to use the Visual Material without JUKA's permission, in violation of 17 U.S.C. § 101 et seq., on sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or imports into the United States.

8.      JOBAR has used and continues to use the JUKA Trademarks without JUKA's permission, in violation of 15 U.S.C. § 1051 et seq., on sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or imports into the United States.

9.      JOBAR has engaged in and continues to engage in unfair competition in violation of 15 U.S.C. § 1125(a) with respect to sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or imports into the United States.

---

[1] Juka also owns, inter alia, a pending U.S. Trademark application for STOPSHROOM in Class 21 covering "Drain plugs for plumbing drains; water stoppers for plumbing drains."

10.     JOBAR has used and continues to use the JUKA Trademarks without JUKA's permission, in violation of the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law § 360 et seq., on sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or transports in commerce in the State of New York.

11.     JOBAR has engaged in and continues to engage in unfair competition in violation of N.Y. Gen. Bus. Law §§ 349 and 360-l with respect to sink and tub strainers that JOBAR makes, uses, offers for sale, sells, and/or transports in commerce in the State of New York.

12.     RETAILERS have sold and continue to sell sink and tub strainers in the United States, without JUKA's permission, which infringe the JUKA Patent.

13.     RETAILERS have sold and continue to sell sink and tub strainers in the United States, without JUKA's permission, which infringe the JUKA Copyrights.

14.     RETAILERS have sold and continue to sell sink and tub strainers in the United States, without JUKA's permission, which infringe the JUKA Trademarks.

15.     JUKA seeks, among other relief, an injunction preventing JOBAR and RETAILERS from further infringing the JUKA Patent, JUKA Copyrights and JUKA Trademarks, and for recovery of its damages and/or a disgorgement of JOBAR's and RETAILERS' profits from their infringement. JUKA further seeks, among other relief, an injunction preventing JOBAR from further unfairly competing against JUKA, and for recovery of its damages and/or a disgorgement of JOBAR's profits from its unfair competition.

## THE PARTIES

16.     Plaintiff JUKA is a corporation organized and existing under the laws of the State of New York with a principal place of business at 707 Broadhollow Rd., Ste 22, Farmingdale, NY 11735.

17.    On information and belief, Defendant JOBAR is a corporation organized and existing under the laws of the State of California with a principal place of business at 21022 Figueroa St., Carson, CA 90745.

18.    On information and belief, Defendant Dream Products Inc., is a California corporation having a principal place of business at 412 Dream Lane, Van Nuys, CA 91496.

19.    On information and belief, Defendant Support Plus Holdings, Inc., is an Ohio Corporation having a principal place of business at 5581 Hudson Industrial Pkwy, PO Box 2599, Hudson OH, 44236.

20.    On information and belief, Defendant Nextera Media LLC (AKA Penn LLC) DBA "PulseTV" is a Delaware Corporation having a principal place of business at 7851 185TH ST, #106, Tinley Park, IL 60477 and is managed by Defendant Pulse Direct, Inc., an Illinois Corporation having a principal place of business at 7851 185th St., #106, Tinley Park, IL 60477.

## JURISDICTION AND VENUE

21.    This is a civil action for Federal patent infringement (35 U.S.C. § 101 et seq.), copyright infringement (17 U.S.C. § 101); trademark infringement (15 U.S.C. § 1051), and unfair competition (15 U.S.C. § 1125(a)) and New York State common law trademark infringement (N.Y. Gen. Bus. Law § 360 et seq.) and common law unfair competition (N.Y. Gen. Bus. Law §§ 349 and 360-l).

22.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

23.    This Court has personal jurisdiction over JOBAR at least because JOBAR transacts and solicits business in the State of New York, including with respect to sink and tub strainers that infringe the JUKA Patent, JUKA Copyrights and JUKA Trademarks, and because JOBAR is

committing and has committed acts of patent infringement, copyright infringement, trademark infringement and unfair competition in the State of New York, at least by selling and offering to sell sink and tub strainers that infringe the JUKA Patent, JUKA Copyrights and JUKA Trademarks in the State of New York.

24.     This Court has personal jurisdiction over Defendant Dream Products Inc., at least because Defendant Dream Products Inc., transacts and solicits business in the State of New York, including with respect to sink and tub strainers that infringe the JUKA Patent, the JUKA Copyrights, and the JUKA Trademarks and because Defendant Dream Products Inc. is committing and has committed acts of patent infringement, copyright infringement and trademark infringement in the State of New York, at least by selling and offering to sell sink and tub strainers that infringe the JUKA Patent, JUKA Copyrights and the JUKA Trademarks.

25.     This Court has personal jurisdiction over Defendant Support Plus Holdings, Inc., at least because Defendant Support Plus Holdings, Inc., transacts and solicits business in the State of New York, including with respect to sink and tub strainers that infringe the JUKA Patent, the JUKA Copyrights and the JUKA Trademarks, and because Defendant Support Plus Holdings, Inc. is committing and has committed acts of patent infringement, copyright infringement and trademark infringement in the State of New York, at least by selling and offering to sell sink and tub strainers that infringe the JUKA Patent, the JUKA Copyrights and the JUKA Trademarks.

26.     This Court has personal jurisdiction over Defendant Nextera Media LLC (AKA Penn LLC) DBA "PulseTV" as well as, on information and belief, Nextera Media LLC's manager, Pulse Direct, Inc. (collectively "PULSETV") at least because Defendants PULSETV transact and solicit business in the State of New York, including with respect to sink and tub strainers that infringe the JUKA Patent, the JUKA Copyrights and the JUKA Trademarks, and because

Defendants PULSETV are committing and have committed acts of patent infringement, copyright infringement and trademark infringement in the State of New York, at least by selling and offering to sell sink and tub strainers that infringe the JUKA Patent, the JUKA Copyrights and the JUKA Trademarks.

27.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 at least because: (i) JOBAR and RETAILERS reside in this district by transacting and soliciting business in this district, including with respect to sink and tub strainers that infringe the JUKA Patent, JUKA Copyrights and JUKA Trademarks; and (ii) JOBAR and RETAILERS reside in this district by committing acts of Federal patent infringement, copyright infringement, trademark infringement and unfair competition and New York State trademark infringement and unfair competition in this district by selling and offering to sell sink and tub strainers that infringe the JUKA Patent, JUKA Copyrights, JUKA Trademarks and which otherwise unfairly compete against JUKA's products.

## FACTUAL ALLEGATIONS

A.    **JUKA's Intellectual Property Rights**

28.    JUKA has designed, developed, made, and sold a variety of sink, tub and shower strainers.

29.    On or about September 28, 2015, JUKA's predecessors-in-interest launched a KICKSTARTER® campaign to market their unique products.

30.    Initially seeking only a modest fundraising target of $12,000, this KICKSTARTER® campaign was wildly successful – raising $59,267, i.e., nearly five (5) times the original goal. A printout from the KICKSTARTER® website discussing this campaign is attached hereto as Exhibit D.

31.    Through various other crowdfunding platforms, JUKA's predecessors-in-interest

raised a total of over $200,000 in pre-orders. Clearly, the market had spoken, and there was high demand for JUKA's novel products.

32.     JUKA's products have received widespread praise through such media outlets as Tech Insider, BuzzFeed, Slate, Glamour Magazine, USA Today and many others. Some collected examples of positive publicity surrounding JUKA's products are attached hereto as Exhibit E.

33.     Recognizing the counterfeiting challenges that "the little guy" often faces after developing a commercially successful product, JUKA has taken steps to protect its innovative products. In particular, JUKA owns:

(i)     various United States design patents relating to its Design.  Relevant to this dispute, JUKA owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the JUKA Patent identified above from May 2, 2017 – the date such patent duly and legally issued to JUKA;

(ii)     various United States copyright registrations relating to the Visual Material. Relevant to this dispute, JUKA owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, the JUKA Copyrights identified above from at least as early as the date such copyright registrations duly and legally issued to JUKA, namely:

(a) January 3, 2017 with respect to Copyright Reg. No. VAu001283873;

(b) August 23, 2016 with respect to Copyright Reg. No. VAu001263568; and

(c) January 3, 2017 with respect to Copyright Reg. No. VAu001283876;

and

(iii)     various trademark rights relating to JUKA's "MUSHROOM" Brand including:

(a)     the JUKA Federal Trademarks identified above from at least as early as the

date such trademark registrations duly and legally issued to JUKA, namely:

(1)  June 7, 2016 with respect to Trademark Reg. No. 4972762 for "TUBSHROOM";

(2)  April 11, 2017 with respect to Trademark Reg. No. 5179859 for "SINKSHROOM"; and

(3)  April 11, 2017 with respect to Trademark Reg. No. 5179860 for "SHOWERSHROOM";

and

(b)  The JUKA Common Law Trademarks identified above, namely:



34.  The JUKA Patent, JUKA Copyrights and JUKA Federal Trademarks are presumed to be valid.

35.  As JUKA anticipated, third party infringers have, unfortunately, came out of the proverbial "woodwork" in an effort to unlawfully knock-off JUKA's innovative products.

36.  Incredibly, in the short time since JUKA has been selling its innovative products, JUKA has successfully pursued over one thousand (1000) takedown notices / cease and desist letters against numerous third parties (including various Amazon and eBay resellers). Most notably, JUKA has been successful in stopping third party infringement by Ontel Products Corporation, Creative Concepts Manufacturing Limited and Groupon, Inc.  Example photographs of various infringing products in connection with which JUKA has successfully enforced its rights are attached hereto as Exhibit F. In other words, numerous third parties tried to capitalize on

JUKA's unique products, but quickly stopped and recognized JUKA's intellectual property rights once such third parties were confronted.

**B.     JOBAR's Patent Infringement**

37.     On information and belief, JOBAR is a large multinational company with offices in the U.S., Europe and Hong Kong. According to JOBAR's website, JOBAR's current product catalog includes over 700 items, with 100 new product additions annually.[2]

38.     Without JUKA's authorization, JOBAR made, used, offered for sale, sold, and/or imported into the United States sink and tub strainers (hereafter, the "Infringing Strainers") that violate the JUKA Patent. The Infringing Strainers include at least products identified by the model names "Softee Sink Strainers" and "Softee Tub Strainers" as shown below:



39.     The overall appearance of the Design of the JUKA products covered by the JUKA Patent and the corresponding designs of JOBAR's Infringing Strainers are substantially the same.

40.     An ordinary observer will perceive the overall appearance of the Design covered

---

[2] See: http://www.jobar.com/about-us/. A printout of this webpage is attached hereto as Exhibit G.

by the JUKA Patent and the corresponding designs of JOBAR's Infringing Strainers to be substantially the same.

41.    Table 1 below illustrates JOBAR's infringement by comparing figures from the JUKA Patent with exemplary images of both the "Softee Sink Strainers" and "Softee Tub Strainers."

| Table 1 – Comparison of the JUKA Patent with the Infringing Strainers | | |
|---|---|---|
| **US D785,767 Patent Figures** | **Exemplary Infringing Products (Softee Tub Strainer)** | **Exemplary Infringing Products (Softee Sink Strainer)** |
|  Fig. 1 |  |  |
|  Fig. 2 |  |  |

| Table 1 – Comparison of the JUKA Patent with the Infringing Strainers | | |
|---|---|---|
| **US D785,767 Patent Figures** | **Exemplary Infringing Products (Softee Tub Strainer)** | **Exemplary Infringing Products (Softee Sink Strainer)** |
|   Fig. 3 |  |  |
|   Fig. 4 |  |  |

| Table 1 – Comparison of the JUKA Patent with the Infringing Strainers | | |
|---|---|---|
| **US D785,767 Patent Figures** | **Exemplary Infringing Products (Softee Tub Strainer)** | **Exemplary Infringing Products (Softee Sink Strainer)** |
|  Fig. 5 |  |  |
|  Fig. 6 |  |  |

| Table 1 – Comparison of the JUKA Patent with the Infringing Strainers | | |
|---|---|---|
| **US D785,767 Patent Figures** | **Exemplary Infringing Products (Softee Tub Strainer)** | **Exemplary Infringing Products (Softee Sink Strainer)** |
| <br>**Fig. 7** |  |  |
| <br>**Fig. 8** |  |  |

42.     On information and belief, JOBAR intended to copy the Design covered by the JUKA Patent.

43.     On information and belief, JOBAR sells and offers to sell its Infringing Strainers, to end-user customers through third-party resellers who distribute Infringing Strainers throughout the United States, including in New York (as discussed more fully below).

44.     On information and belief, JOBAR has infringed and continues to infringe the

JUKA Patent within the meaning of 35 U.S.C. § 271 at least by making, using, selling, offering to sell, and/or importing the Infringing Strainers into the United States without JUKA's authorization.

## C.   JOBAR's Copyright Infringement

45.   Without JUKA's authorization, JOBAR made, used, offered for sale, sold, and/or imported into the United States the Infringing Strainers which violate the JUKA Copyrights.

46.   On information and belief, JOBAR copied the Visual Material in creating the Infringing Strainers.

47.   JOBAR's Infringing Strainers are substantially similar to the Visual Materials covered by the JUKA Copyrights.

48.   JOBAR has infringed and continues to infringe the JUKA Copyrights within the meaning of 17 U.S.C. § 101 et seq. at least by making, using, selling, offering to sell, and/or importing the Infringing Strainers into the United States without JUKA's authorization.

## D.   JOBAR's Trademark Infringement

49.   JUKA has conscientiously taken steps to develop a "MUSHROOM" Brand in connection with its products. JUKA has done this, inter alia, by:

(i)     consistently using the word-formative "SHROOM" in connection with its product names;

(ii)    obtaining Federal Trademark Registrations over relevant goods for the words "TUBSHROOM" (Reg. No. 4972762), "SINKSHROOM" (Reg. No. 5179859) and "SHOWERSHROOM" (Reg. No. 5179860);

(iii)   filing a Federal Trademark Application over relevant goods for the word "STOPSHROOM" (Application Serial No. 87287555);

(iv)    registering      the      "www.tubshroom.com,"      "www.sinkshroom.com"      and

"www.showershroom.com" domain names; and

(v)    using the Common Law Trademarks shown below (which self-evidently include a stylized "Mushroom Cap" trademark and separate end emphasize the word formative "SHROOM"):



50.    JOBAR's Infringing Strainers are likely to cause confusion, or to cause mistake or to deceive with the JUKA Trademarks in violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k.

51.    JOBAR has infringed and continues to infringe the JUKA Trademarks: (i) within the meaning of 15 U.S.C. § 1114 at least by making, using, selling, offering to sell, and/or importing the Infringing Strainers into the United States; and (ii) within the meaning of N.Y. Gen. Bus. Law § 360-k by making, using, selling, offering to sell, and/or transporting in commerce in the State of New York; without JUKA's authorization.

**E.    JOBAR's Unfair Competition**

52.    JOBAR's conduct is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection or association of JOBAR's Infringing Strainers and JUKA; and (ii) the origin, sponsorship or approval of JOBAR and the Infringing Strainers by JUKA; in violation of:

(i)    Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and

(ii)    the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

**F.  Test Buys and Third Party Retailers**

53.   Through an online search, JUKA's agents discovered that Infringing Strainers were being offered for sale through the www.dreamproducts.com website operated by Defendant Dream Products Inc. A printout of the www.dreamproducts.com website showing this offer for sale is attached hereto as Exhibit H.

54.   On August 29, 2017, JUKA's agents conducted "test buys" of Infringing Strainers from Defendant Dream Products Inc. A copy of the e-mail receipt confirming such order is attached hereto as Exhibit I. This test buy order was shipped to JUKA's agents in New York. Upon receipt, JUKA's agents confirmed that this order contained Infringing Strainers manufactured by JOBAR.

55.   Through an online search, JUKA's agents discovered that Infringing Strainers were being offered for sale through the www.supportplus.com website operated by Defendant Support Plus Holdings, Inc. A printout of the www.supportplus.com website showing this offer for sale is attached hereto as Exhibit J.

56.   On June 12, 2017, JUKA's agents conducted "test buys" of Infringing Strainers from Defendant Support Plus Holdings, Inc. A copy of the e-mail receipt confirming such order is attached hereto as Exhibit K. This test buy order was shipped to JUKA's agents. Upon receipt, JUKA's agents confirmed that this order contained Infringing Strainers manufactured by JOBAR.

57.   Through an online search, JUKA's agents discovered that Infringing Strainers were being offered for sale through the www.pulsetv.com website operated by Defendants PULSETV. A printout of the www.pulsetv.com website showing this offer for sale is attached hereto as Exhibit L.

58.   On August 29, 2017, JUKA's agents conducted "test buys" of Infringing Strainers

from Defendants PULSETV. A copy of the e-mail receipt confirming such order is attached hereto as Exhibit M. This test buy order was shipped to JUKA's agents in New York. Upon receipt, JUKA's agents confirmed that this order contained Infringing Strainers manufactured by JOBAR.

59.     On information and belief, RETAILERS have infringed and continue to infringe:

(i)     the JUKA Patent within the meaning of 35 U.S.C. § 271;

(ii)    the JUKA Copyrights within the meaning of 17 U.S.C. § 501; and

(iii)   the JUKA Trademarks within the meaning of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360-k;

at least by making, using, selling, offering to sell, and/or importing the Infringing Strainers into the United States without JUKA's authorization.

## Count I

(As to All Defendants – Infringement Under 35 U.S.C. § 271 of the JUKA Patents)

60.     JUKA re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59 of this Complaint.

61.     JOBAR and RETAILERS, without authorization from JUKA, have made, used, offered for sale, sold, and/or imported in or into the United States, and continue to make, use, offer for sale, sell, and/or import in or into the United States, sink and tub strainers that infringe the JUKA Patent.

62.     JUKA has been and will continue to be irreparably harmed by the infringement of the JUKA Patent by JOBAR and RETAILERS.

## Count II

**(As to All Defendants – Infringement Under 17 U.S.C. § 501 of the JUKA Copyrights)**

63.     JUKA re-alleges and incorporates by reference the allegations set forth in

paragraphs 1 through 59 and 61 through 62 of this Complaint.

64.     JOBAR and RETAILERS, without authorization from JUKA, have made, used, offered for sale, sold, and/or imported in or into the United States, and continue to make, use, offer for sale, sell, and/or import in or into the United States, sink and tub strainers that infringe the JUKA Copyrights.

65.     JUKA has been and will continue to be irreparably harmed by the infringement of the JUKA Copyrights by JOBAR and RETAILERS.

## Count III

### (As to All Defendants – Infringement Under 15 U.S.C. § 1114 of the JUKA Trademarks)

66.     JUKA re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, 61 through 62 and 64 through 65 of this Complaint.

67.     JOBAR and RETAILERS, without authorization from JUKA, have made, used, offered for sale, sold, and/or imported in or into the United States, and continue to make, use, offer for sale, sell, and/or import in or into the United States, sink and tub strainers that infringe the JUKA Trademarks.

68.     JUKA has been and will continue to be irreparably harmed by the infringement of the JUKA Trademarks by JOBAR and RETAILERS.

## Count IV

### (As to JOBAR Only – Unfair Competition Under 15 U.S.C. § 1125(a))

69.     JUKA re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, 61 through 62, 64 through 65 and 67 through 68 of this Complaint.

70.     JOBAR has deliberately and willfully attempted to trade on JUKA's hard-earned goodwill in the JUKA Trademarks as well as JUKA's reputation for quality products in order to

confuse consumers as to the origin and sponsorship of the Infringing Strainers and, thus, to pass off the Infringing Strainers as bona fide JUKA products.

71.     The conduct of JOBAR is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection or association of the Infringing Strainers and JOBAR with JUKA; and (ii) the origin, sponsorship or approval of JOBAR and the Infringing Strainers by JUKA; in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

**Count V**

**(As to All Defendants – Infringement Under N.Y. Gen. Bus. Law § 360-k of the JUKA Trademarks)**

72.     JUKA re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, 61 through 62, 64 through 65, 67 through 68 and 70 through 71 of this Complaint.

73.     JOBAR and RETAILERS, without authorization from JUKA, have made, used, offered for sale, sold, and/or transported in commerce in the State of New York, and continue to make, use, offer for sale, sell, and/or transports in commerce in the State of New York, sink and tub strainers that infringe the JUKA Trademarks.

74.     JOBAR acted with the intent to cause confusion or mistake or to deceive with respect to the JUKA Trademarks.

75.     JUKA has been and will continue to be irreparably harmed by the infringement of the JUKA Trademarks by JOBAR and RETAILERS.

**Count VI**

**(As to JOBAR Only – Unfair Competition Under N.Y. Gen. Bus. Law §§ 349 and 360-l)**

76.     JUKA re-alleges and incorporates by reference the allegations set forth in

paragraphs 1 through 59, 61 through 62, 64 through 65, 67 through 68, 70 through 71 and 73 through 75 of this Complaint.

77.    JOBAR has deliberately and willfully attempted to trade on JUKA's hard-earned goodwill in the JUKA Trademarks as well as JUKA's reputation for quality products in order to confuse consumers as to the origin and sponsorship of the Infringing Strainers and, thus, to pass off the Infringing Strainers as bona fide JUKA products.

78.    The conduct of JOBAR is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection or association of the Infringing Strainers and JOBAR with JUKA; and (ii) the origin, sponsorship or approval of JOBAR and the Infringing Strainers by JUKA; in violation of the laws of the State of New York including, inter alia, N.Y. Gen. Bus. Law §§ 349 and 360-l.

**WHEREFORE**, JUKA respectfully requests that the Court grant the following relief:

1.    A judgment that JOBAR and RETAILERS infringed the JUKA Patent;

2.    A judgment that JOBAR and RETAILERS infringed the JUKA Copyrights;

3.    A judgment that JOBAR and RETAILERS infringed the JUKA Trademarks;

4.    A judgment that JOBAR engaged in unfair competition;

5.    A permanent injunction enjoining JOBAR, RETAILERS and all persons acting in concert with JOBAR and/or RETAILERS, from infringing the JUKA Patent;

6.    A permanent injunction enjoining JOBAR, RETAILERS and all persons acting in concert with JOBAR and/or RETAILERS, from infringing the JUKA Copyrights;

7.    A permanent injunction enjoining JOBAR, RETAILERS and all persons acting in concert with JOBAR and/or RETAILERS, from infringing the JUKA Trademarks;

8.    A permanent injunction enjoining JOBAR and all persons acting in concert with

JOBAR from engaging in unfair competition;

9.      A judgment and order requiring JOBAR and RETAILERS to pay JUKA all damages caused by JOBAR's and RETAILERS' infringement of the JUKA Patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284, or the total profit made by JOBAR from its infringement of each of the JUKA Patents pursuant to 35 U.S.C. § 289;

10.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

11.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA increased patent damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

12.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA statutory copyright damages pursuant to 17 U.S.C. § 504;

13.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA pre-judgment and post- judgment interest on any damages or profits awarded;

14.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA: (i) JOBAR's and RETAILERS' profits; (ii) any damages sustained by JUKA; and (iii) the costs of this action; under 15 U.S.C. § 1117;

15.     A judgment and order requiring JOBAR and RETAILERS to pay JUKA all profits derived from the manufacture, use, display or sale of Infringing Strainers in New York and/or all damages suffered by JUKA by reason of the manufacture, use, display or sale of the Infringing Strainers in New York under N.Y. Gen. Bus. Law § 360-m;

16.     A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

17.     A determination that this action is an exceptional case pursuant to 15 U.S.C. § 1117;

18.     A determination that JOBAR acted with the intent to cause confusion or mistake or to deceive pursuant to N.Y. Gen. Bus. Law § 360-k;

19.     A determination that JOBAR and/or RETAILERS infringed the JUKA Trademarks with knowledge or in bad faith within the meaning of N.Y. Gen. Bus. Law § 360-m;

20.     An award of JUKA's attorney's fees for bringing and prosecuting this action pursuant to 35 U.S.C. § 285, 17 U.S.C. § 505 and 15 U.S.C. § 1117;

21.     An award of treble profits and damages and/or reasonable attorneys' fees to JUKA from JOBAR and/or RETAILERS pursuant to N.Y. Gen. Bus. Law § 360-m;

22.     An award of JUKA's costs and expenses incurred in bringing and prosecuting this action; and

23.     Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

JUKA hereby demands a jury for all issues so triable.

Dated:  New York, New York
         October 20, 2017

                                    Respectfully submitted,

                                    GRIMES LLC


                                    /s/ Russell D. Dize
                                    Russell D. Dize, Esq. (RD 4000)
                                    200 W. 57th Street, Suite 1403
                                    New York, NY 10019
                                    (914) 698-1305
                                    dize@gandb.com

                                    Charles W. Grimes, Esq.
                                    Luca Hickman, Esq.
                                    3501 Bonita Bay Blvd.
                                    Bonita Springs, FL  34134
                                    (p) (239) 330-9000
                                    (f) (239) 301-2215

                                    Attorneys for Plaintiff
                                    Juka Innovations Corporation